## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| YTB, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-112-GPM |
| | ) | |
| DONALD BRADLEY, CHINAZA DUSON, | ) | |
| ANTOINETTE JONES, TONYA | ) | |
| MIZELLE, MELODIE WASHINGTON, | ) | |
| DAVID FUNK, AND MARLIS FUNK, | ) | |
| individuals, and PRO TRAVEL | ) | |
| NETWORK, INC., and ENHANCE | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Defendant Enhance International, Inc., ("Defendant") has removed this matter pursuant to 28 U.S.C. § 1441(a), and seeks to invoke this Court's federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) (*See* Doc. 4). However, a review of Defendant's notice of removal raises serious questions by the Court whether federal subject matter jurisdiction exists. The jurisdictional allegations contained in the notice of removal are *woefully deficient*. Accordingly,

this case shall be **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

First, Defendant has failed to properly allege the citizenship of several parties to the case that are corporations (*See* Doc. 4, ¶ 18, 19). "Section 1332 of Title 28 states that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' The state of incorporation and the principal place of business *must be alleged . . . .*" *McMillian v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009), (quoting 28 U.S.C. § 1332(c)(1)) (emphasis added); *See also Illinois Bell Telephone Co., Inc. v. Global NAPs Illinois, Inc.,* 551 F.3d 587, 590 (7th Cir. 2008) ("A company's principal place of business is where its 'nerve center' is located, or more concretely, where its executive headquarters are located.").

Defendant has also made jurisdictional allegations based upon information and belief (See Doc. 4, ¶ 3, 4). It is well settled in the Seventh Circuit that a jurisdictional allegation based upon information and belief is insufficient to establish federal subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995).

The jurisdictional allegations contained in the notice of removal (Doc. 4) are simply insufficient to satisfy this Court of federal subject matter jurisdiction. Defendant's insouciance toward the requirements of federal subject matter jurisdiction compels this Court to **REMAND** the matter to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.   *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").   The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: February 6, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge